# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WESSLEY J. GUNCHICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16 C 4256 |
| ) | |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Wessley Gunchick has sued Bank of America, which administers his pension plan under section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), § 502(a), 29 U.S.C. § 1132(a)(1)(B), to "recover benefits due to him under the terms of his plan . . . ." Bank of America has moved for summary judgment on both procedural and substantive grounds.

## Background

LaSalle Bank, subsequently acquired by Bank of America, employed Gunchick as a loan officer from August 1994 to October 2003. Gunchick participated in the bank's pension plan. To calculate the value of Gunchick's pension upon retirement, the pension administrator considered his compensation level and length of service. Gunchick alleges that the pension administrator incorrectly calculated these values. Gunchick filed a claim with the administrator and, after that claim was denied, appealed the determination of his compensation level. After the pension administrator denied the

appeal, Gunchick sued in this Court under ERISA.  Bank of America argues it is entitled to summary judgment, because Gunchick (1) filed his claim after the statute of limitations passed, (2) failed to exhaust internal plan remedies before filing, and (3) fails on the merits of his claim.  The Court reviews each argument in turn.

## Discussion

A party is entitled to summary judgment if no reasonable finder of fact could find in favor of the other party.  *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 631 (7th Cir. 2004).  Bank of America argues that it is entitled to summary judgment because Gunchick failed to file within the statute of limitations or to exhaust the remedies provided by the pension plan administrator.  Bank of America also argues that it is entitled to summary judgment because no reasonable finder of fact could find that the pension administrator acted arbitrarily or capriciously.

**I.    Statute of limitations**

To bring an ERISA claim under section 1132, the plaintiff must assert the claim within the statute of limitations.  *Rupert v. Alliant Energy Cash Balance Pension Plan*, 726 F.3d 936, 941 (7th Cir. 2013).  Because Congress did not expressly include a statute of limitations for claims under section 1132, "the court borrows a statute of limitations from an analogous state law."  *Id.*  The Seventh Circuit has identified 735 ILCS 5/13-206, which provides a ten-year statute of limitations for actions on certain written instruments, as the analogous state law in Illinois.  *Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 465-66 (7th Cir. 1991).  *See also Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801, 819 (N.D. Ill. 2009) (applying the ten-year statute of limitations of 735 ILCS 5/13-206 to a section 1132 claim).  "The general

federal common law rule is that an ERISA claim accrues when the plaintiff knows or should know of conduct that interferes with the plaintiff's ERISA rights." *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 615 F.3d 808, 817 (7th Cir. 2010).

Bank of America contends that Gunchick's claim is barred, because the ten-year limitation period commenced in November 2003, when he received a letter confirming his pension benefits. *See* Def.'s Ex. A at 31 (Nov. 20, 2003 letter describing pension payment options). In what appears to be an attachment to the letter, Bank of America advises Gunchick that his credited service commenced on January 1, 1993, *id.* at 35, and that his pay was $30,568.16 in 2002 and $36,000 in 2003. *Id.* at 37. Gunchick's present suit contests both of these figures. Because Bank of America notified Gunchick how it would calculate his length of service and compensation history in its benefits letter, his ERISA claim accrued in November 2003. *Young*, 615 F.3d at 817. *See also Lofton v. Panasonic Pension Plan*, No. 10 C 3909, 2012 WL 6186595, at *5 (N.D. Ill. Dec. 12, 2012) (finding that plaintiff's claim accrued upon receipt of a letter from the plan administrator describing the pension benefits that the plaintiff's suit contested). The limitations period expired in November 2013. For this reason, Gunchick's suit, filed in 2016, is untimely.

## II.    Exhaustion

A defendant is entitled to judgment on a plaintiff's ERISA claim if the plaintiff has not exhausted the remedies provided by the plan administrator. *Orr v. Assurant Emp. Bens.*, 786 F.3d 596, 601 (7th Cir. 2015).

Bank of America argues that Gunchick did not exhaust the remedies available to challenge the calculation of his length of service, because he did not raise this issue at

3

each level of appeal provided by the pension administrator. Def.'s Mem. in Supp. of Summ. J. at 8. The pension plan provides two levels of review to hear pensioners' challenges. Def.'s Ex. A at 10 (Bank of America Pension Plan for Legacy LaSalle) (describing right to appeal). Gunchick initially raised both his compensation and length of service complaints. But when Gunchick filed his appeal of his claim denial, he did not address the length of service calculation. *Id.* at 24. He therefore failed to exhaust internal plan remedies on this point. In response, Gunchick argues that Bank of America, when it denied his appeal, stated he was free to bring his claim in federal court. Resp. Br. at 8. This is no excuse: Bank of America's letter only addressed the compensation issue that Gunchick appealed, not the length of service issue that he did not raise. Gunchick's failure to exhaust available plan remedies regarding the length of service calculation precludes his claim on that point.

**III.    Merits**

Finally, Bank of America argues that it is entitled to summary judgment on the merits of Gunchick's claim. A reviewing court may set aside an administrator's decision only if it is "arbitrary and capricious." *Cozzie v. Metro. Life Ins. Co.*, 140 F.3d 1104, 1107 (7th Cir. 1998). This "extremely deferential" standard of review only requires the administrator to make "a rational connection between the issue to be decided, the evidence in the case, the text under consideration, and the conclusion reached." *Id.* at 1107, 1109 (internal quotation marks and citations omitted).

Gunchick appears to contend that he was compensated at a much higher level than the amount the plan administrator used in calculating his pension benefits. As a result, he argues, the level of pension he receives does not fairly represent the efforts

4

he provided to LaSalle Bank. But the "content of the benefit" is a "question [left] largely to the private parties creating the plan." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 511 (1981). On deciding a motion for summary judgment on a section 1132 claim, it is not the Court's place to assess the fairness of Gunchick's pension—only whether a reasonable factfinder could conclude that the administrator acted arbitrarily or capriciously in determining its value.

### A. Compensation

Gunchick first contends that the pension administrator wrongly excluded his commission payments in calculating his compensation. Resp. Br. at 2. Gunchick was paid entirely on commission, but he received a monthly "draw" amounting to an advance on his monthly commission payments. *Id.* Gunchick argues that it is arbitrary and capricious to count his draw payments as his salary, but to exclude his total commissions, given that his draw is merely an advance on commission payments. *Id.* Gunchick also notes that the word "draw" does not appear in the pension plan. *Id.*

The terms of the pension plan define "compensation" as "the basic wages or salary paid to an Employee or Participant by one or more of the Employers, excluding bonuses, overtime, commissions, or any other form of extra compensation . . . ." Def.'s Ex. A at 17 (ABN Pension Plan, Section 1.11(a)). In short, the plans define compensation as "basic wages or salary," which does not include "commissions." *Id.* Given this language in the plan, the administrator's conclusion that Gunchick's draw constituted his basic pay and that his commissions were "extra compensation" not considered in determining his pension benefits is sufficiently reasonable to survive the "extremely deferential" review that applies under section 1132(a). *Cozzie*, 140 F.3d at

1107.

The Court's conclusion joins that of other courts that have considered similar arguments. In *Nash v. Mercedes Benz USA*, 489 F. Supp. 2d 411 (D.N.J. 2007), the court held that the pension plan administrator reasonably determined the plaintiff's draw payments constituted his "basic monthly earnings," which formed the basis of his pension benefits. *Id.* at 418-19. The text of the pension plan stated that the pension was based upon an individual's "basic remuneration," which excluded "bonuses, commissions . . . and any other additions to basic remuneration . . . ." *Id.* at 414. Gunchick urges this Court to distinguish his case from *Nash*, as he contends his draw payments, unlike those in *Nash*, were not guaranteed. Resp. Br. at 7. This does not change the fact that Gunchick's pension plan expressly excludes "commissions" from the calculation of his compensation. *See also Ramos v. Vizcarrondo*, No. 14-1722 (GAG), 2017 WL 1843069, at *9 (D.P.R. May 8, 2017) (a pension administrator's decision to exclude bonus payments from the pension calculation was reasonable, as the definition of compensation excluded "bonuses, commissions, overtime, or any other form of non-recurring compensation.").

As Bank of America points out, *Hess v. Hartford Life & Accident Insurance Co.*, 274 F.3d 456 (7th Cir. 2001), is not at odds with this conclusion. In *Hess*, the Seventh Circuit held that a plan administrator acted unreasonably by basing an employee's pension on her draw instead of her base salary. The Seventh Circuit found it unreasonable, but only because the text of the pension plan distinguished between the two values and expressly entitled the employee to a pension based upon the base salary. *Id.* at 463. Gunchick cannot point to any analogous text in his pension plan

distinguishing between his basic wages and the draw.  Because there is nothing in Gunchick's plan that precludes the use of the draw payments to calculate his compensation, *Hess* is not inconsistent with the Court's conclusion in this case.

The Court concludes that no reasonable factfinder could find that it was arbitrary and capricious for the plan administrator to define Gunchick's draw payments as his basic income when calculating his pension benefits, given the text of the pension plan.

### B. Length of service

Next, Gunchick argues that the pension administrator improperly calculated the length of time he was employed as a loan administrator:  Gunchick's pension calculation states he was employed for 8.833 years, but he believes the proper figure is 9.2 years.  Resp. Br. at 8.  Gunchick appears to argue that the pension administrator acted arbitrarily or capriciously by measuring his term of service as starting not on the exact date he actually began work, but rather on the following January 1.

Based on the plan's plain language, the pension administrator had a reasonable basis to calculate Gunchick's eligible service as starting on January 1, 1995.  As the pension plan states, "[e]ach Eligible Employee who commences employment with an Employer after [January 1, 1981] shall become a Participant on the earlier of the January 1 or the July 1 next following his Date of Employment."  Def.'s Ex. A at 18 (ABN Pension Plan, Section 2.1(c)).  Gunchick was hired on August 29, 1994.  Thus the date on which the pension administrator should have started calculating his term of service was January 1, 1995—the date that the pension administrator lists as the first date of his service.  Def.'s Ex. A at 35 (attachment to Nov. 20, 2003 letter describing pension options).  Moreover, this approach to calculating a term of service is consistent with

7

ERISA. A pension plan must begin crediting an employee with service within one year of his or her first date of employment. 29 U.S.C. § 1052(a)(1)(A).

Because the pension administrator acted according to the terms of the pension plan by calculating his amount of compensation and his term of service, the Court finds that no reasonable jury could find against Bank of America.

## Conclusion

For the foregoing reasons, the Court grants Bank of America's motion for summary judgment [dkt. no. 47].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 14, 2018